```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HILDA L. SOLIS, Secretary of Labor, United States
Department of Labor,                                              ORDER
                                                                  12-CV-1621 (ADS) (ARL)
                                    Plaintiff,

            -against-

STEPHEN BOSNIAK, M.D., P.C. PROFIT SHARING PLAN,

                                    Defendant.
----------------------------------------------------------------X
```

**APPEARANCES:**

**U.S. Department of Labor**
**Office of the Solicitor, Region II**
*Attorneys for the plaintiff*
201 Varick Street, Room 983
New York, NY 10014
   By:   M. Patricia Smith, Esq.
         Patricia M. Rodenhausen, Esq.
         Stacy Melissa Goldberg, Esq., Of Counsel

**NO APPEARANCE:**

Stephen Bosniak, M.D., P.C. Profit Sharing Plan

**SPATT, District Judge.**

On April 2, 2012, the Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("the Plaintiff") commenced this action against the Defendant Stephen Bosniak, M.D., P.C. Profit Sharing Plan ("the Defendant" or "the Plan") in order to enjoin practices by the Defendant in violation of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"). In this regard, the Plaintiff sought a judgment appointing an independent trustee and fiduciary to administer the Plan and distribute the Plan's assets to its participants and beneficiaries.

On May 3, 2012, the Defendant was served with the Plaintiff's Complaint. The Defendant did not answer. On August 2, 2012, the Plaintiff requested a certificate of default as against the Defendant, and on that same date, the Clerk of the Court noted the default of the Defendant. Thereafter, on October 25, 2012, the Plaintiff moved for a default judgment against the Defendant. On October 27, 2012, this Court referred the matter to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) whether an independent trustee and fiduciary should be appointed to administer the Plan and distribute the Plans assets to its participants and beneficiaries and (2) whether any other relief should be granted.

On May 8, 2013, Judge Lindsay issued a Report and Recommendation (the "Report") recommending that (1) a default judgment be entered against the Defendant; and (2) that an independent fiduciary be appointed to administer the Plan and, if appropriate, implement its orderly termination. (Report at 1–2.) Judge Lindsay further recommends that M. Larry Lefoldt, CPA, of Lefoldt & Co., PA, be appointed as the Independent Fiduciary of the Plan. (Report at 8.) On May 22, 2013, the Plaintiff served the Defendant with the Report. To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed

Judge Lindsay's Report and finds it to be persuasive and without any legal or factual errors. There being no objection to Judge Lindsay's Report, it is hereby

**ORDERED**, that Judge Lindsay's Report and Recommendation is adopted in its entirety. The Court enters a default judgment against the Defendant and appoints M. Larry Lefoldt, CPA, of Lefoldt & Co., PA, as the Independent Fiduciary of the Plan with authority to administer the Plan, and if necessary, implement its orderly termination; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the Plaintiff as set forth above; and it is further

**ORDERED**, that the Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
August 6, 2013

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge